IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>                 Plaintiff,<br>vs.<br>MIGUEL ANGEL ORELLANA,<br>                 Defendant. | Case No. A02-CR-00114-JKS<br><br>O R D E R |

      Miguel Angel Orellana entered a plea pursuant to Fed. R. Crim. P. 11(c)(1)(C) to certain charges and was sentenced to a stipulated 141 month sentence. He expressly waived his right to appeal his sentence. He preserved his right to collaterally attack his sentence on the ground that his plea was involuntary or that his counsel was ineffective. The Court discussed with Orellana his collateral attack rights after sentence was imposed and Orellana assured the Court that his plea was voluntary and his counsel competent.

      An amended judgment was entered on August 8, 2003. Docket No. 88. On September 2, 2004, Orellana, proceeding pro se, filed a petition for habeas corpus. Docket No. 90. His trial counsel, Michael Dieni, was appointed to represent him, but withdrew to enable Orellana to assert an ineffective assistance of counsel. Docket No. 103. Meredith Ahearn, Esq., was then appointed to represent Orellana, and filed an amended petition at Docket No. 112. The Government responded, Orellana replied, and the Government sought the final word. Docket Nos. 113 (opp'n); 118 (response); 119 (reply). The matter has been ripe for decision since August 16, 2005. Unfortunately, United States Magistrate Judge John D. Roberts, to whom this matter was initially referred for a report and recommendation, has been unable to address the

petition, and so this Court withdraws the reference and proceeds to consider the matter de novo and exercise its independent judgment, as follows.

Orellana's case turns on the assertion that the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005) should be applied retroactively to his case, which Orellana argues would require resentencing because an enhancement for use of a stolen firearm figured into his sentence.[1] Orellana's argument is problematical because he was sentenced to a stipulated sentence pursuant to Fed. R. Crim. P. 11(c)(1)(C). The Court did not believe it lacked discretion because of mandatory guidelines, it believed it lacked discretion because of the agreement of the parties and its conclusion that the agreed sentence was a reasonable one, *i.e.,* that the Court in good faith could not reject the plea agreement and force the parties to trial. It is not necessary to decide whether the Court would have imposed the same sentence post-*Booker* because the Ninth Circuit has held that *Booker* is not to be applied retroactively to cases like Orellana's. *See United States v. Cruz*, 423 F.3d 1119 (9th Cir. 2005).[2] This Court has elaborated on why it considers *Cruz* a proper interpretation of the United States Supreme Court's

---

[1] The most forceful argument is not that *Booker* should receive retroactive application, but that *Apprendi v. New Jersey,* 530 U.S. 466 (2000), should be applied prospectively on the theory that *Booker* and *Blakely,* 542 U.S. 296 (2004), simply applied settled law (*Apprendi*) to different facts. Unfortunately, Orellana did not appeal on that basis and, arguably, forfeited the argument that *Apprendi* should apply to his case by entering into the plea agreement he did. Given the universal determination that *Apprendi* did not invalidate the sentencing guidelines, it was not ineffective assistance of counsel in 2003 to fail to anticipate that it might.

[2] In *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005) (en banc), the court decided that where a *Booker* error had not been preserved, the matter would be remanded to the trial court to ponder whether the distinction between mandatory and advisory guidelines would have made a difference. If the issue were preserved, the sentence would be vacated and the matter remanded for resentencing. *See, e.g., United States v. Beng-Salazar*, __ F.3d __, 2006 WL 1843394 (9th Cir. July 6, 2006). Here the issue was not preserved and the Court finds the *Ameline* inquiry difficult. Orellana was only nineteen years old. Despite his youth he had a significant criminal history. His current charges arose when he shot and killed an alleged marijuana customer, who Orellana contended tried to hijack his money and drugs during a pre-arranged marijuana sale. This Court's impression is that the advisory mandatory distinction would not have made a difference.

ORDER

F:\HOME\JUDGES\DOCS\SHARED\CR\D.AK 2002\A02-0114.002.wpd

retroactivity jurisprudence in *United States v. Williams,* 2005 WL 3303934 (D. Alaska Dec. 5, 2005).  *See also, Schardt v. Payne*, 414 F.3d 1025 (9th Cir. 2005) (declining to apply *Blakely* retroactively).

Orellana's claim that his counsel was ineffective turns on the availability of *Booker*.  In addition, Orellana has failed to present facts which would constitute a prima facie case of ineffective counsel under *Strickland v. Washington*, 466 U.S. 668 (1984).  The Court recognizes that the United States Supreme Court has granted certiorari to determine the retroactivity of *Blakely*.  *See Burton v. Waddington*, 126 S.Ct. 2352 (June 5, 2006).  Nevertheless, unless and until the Supreme Court holds *Blakely*—and by extension *Booker*—retroactive, this Court is bound by the *Cruz* decision.  Therefore, this Court is bound by stare decisis to reject Orellana's petition.

**IT IS THEREFORE ORDERED**:

The petition for habeas corpus (post conviction relief) at **Docket No. 90**, amended at **Docket No. 112** is **DENIED**.  The Clerk shall enter judgment dismissing this petition with prejudice.  In light of the United States Supreme Court decision to grant certiorari in *Burton v. Waddington*, 126 S.Ct. 2352 (June 5, 2006) this Court will grant a certificate of appealability limited to the issue of whether *United States v. Booker* should be applied retroactively.  *See* 28 U.S.C. § 2253(c)(1)(B).

Dated at Anchorage, Alaska, this 12th day of July 2006.

/s/ James K. Singleton, Jr.
**JAMES K. SINGLETON, JR.**
United States District Judge

ORDER

F:\HOME\JUDGES\DOCS\SHARED\CR\D.AK 2002\A02-0114.002.wpd